UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

WILLIAM BERNARD VORE,

    Plaintiff,

vs.

JOHNNY MCCLUSKEY,
Supervisor for the Public Works
Department for the City of Trotwood,
Ohio, *et al.*,

    Defendants.

Case No. 3:21-cv-215

District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

---

**ORDER: (1) DISMISSING PLAINTIFF'S AMENDED COMPLAINT WITH PREJUDICE (Doc. No. 4); (2) DENYING AS MOOT ALL PENDING MOTIONS (Doc. Nos. 12, 25); (3) DENYING A CERTIFICATE OF APPEALABILITY; (4) CERTIFYING THAT ANY APPEAL WOULD BE OBJECTIVELY FRIVOLOUS AND FINDING THAT *IN FORMA PAUPERIS* STATUS SHOULD BE DENIED ON APPEAL; AND (5) TERMINATING THIS CASE ON THE DOCKET**

---

This *pro se* civil case is now before the Court on Plaintiff's response to a show cause order on May 27, 2022 requesting briefing on why his complaint is not barred by *res judicata*. Doc. Nos. 27, 28. Plaintiff responded to that order, arguing that *res judicata* does not bar his suit. Doc. No. 29. Defendants Jack Marchbanks ("Marchbanks") and Johnny McCluskey ("McCluskey") filed briefs responding to Plaintiff's argument against dismissal. Doc. Nos. 30, 31. Plaintiff did not reply to Defendants' briefs. This matter is now ripe for review.

**I.**

Plaintiff was hit by a car while walking in an intersection in Trotwood, Ohio. *See* Doc. No. 2 at PageID 75; Doc. No. 27-1 at PageID 537–38. He filed two lawsuits *pro se* seeking redress for his injuries. Doc. Nos. 2, 27-1. The first was in the Montgomery Court of Common Pleas, and it was dismissed with prejudice. Doc. No. 27-2 at PageID 597. Plaintiff then filed the instant lawsuit. *See* Doc. No. 2. As the Court explains below, it too must be dismissed.

**A. Plaintiff's Montgomery County Court of Common Pleas Case**

In the first suit, Plaintiff alleged he was struck by a car due to a negligently constructed intersection. Doc. No. 27-1 at PageID 537–38. He sued Mary A. McDonald, the Mayor of Trotwood ("Mayor McDonald"), and McCluskey, the Supervisor for Trotwood's Public Works Department, for negligence and violations of his federal and state constitutional rights. *Id.* at PageID 536.

Following McDonald and McCluskey's answer, the parties entered a joint stipulation of dismissal with prejudice, pursuant to Ohio Civil Rule 41(A)(1)(b). *See* Doc. No. 27-2 at PageID 597. Despite authorizing this entry, Plaintiff later moved to vacate the dismissal order to change it "without prejudice," contending he was unaware that the dismissal would be with prejudice. *See* Motion to Vacate Order, *Vore v. McDonald*, Case No. 2021CV00695 (Montgomery Cnty. Ohio C.P. Ct. Sept. 28, 2021).[1] The court denied this motion. *See* Order: Overruling Motion to Vacate, *Vore v. McDonald*, Case No. 2021CV00695 (Montgomery Cnty. Ohio C.P. Ct. June 16, 2021).

---

[1] Under the standard for motions for judgment on the pleadings (which applies because dismissal here is premised on review of the complaint and answer), the Court may consider matters of public record, including public court filings. *See, e.g.*, *New Eng. Health Care Emps. Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003).

### B. Plaintiff's Federal Case

Plaintiff then filed an identical lawsuit in this Court. Doc. No. 2 at PageID 75. But instead of suing Mayor McDonald, he sued Marchbanks—the director of the Ohio Department of Transportation—and McCluskey. *Id.* As in state court, Plaintiff alleges that Marchbanks and McCluskey violated his federal constitutional rights by improperly constructing the intersection. *Id.* at PageID 80.

In his answer and in a motion for leave to file an amended answer that this Court granted, McCluskey raised *res judicata* as a defense. *See* Doc. No. 19 at PageID 359; Doc. No. 27 at PageID 528; *see also* Doc. No. 27-1 (Plaintiff's lawsuit against Mayor McDonald and McCluskey). The Court, *sua sponte*, ordered Plaintiff to show cause why *res judicata* did not bar his federal lawsuit. Doc. No. 28.

### II.

The Court raised this issue *sua sponte* and returns to it after appropriate briefing. *See* Doc. Nos. 28, 29, 30, 31. The applicable standard is that for a judgment on the pleadings, as all defendants have answered. The standard for reviewing a Fed. R. Civ. P. 12(c) motion for judgment on the pleadings is the same standard for reviewing a Fed. R. Civ. P. 12(b)(6) motion to dismiss. *See Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007) (quotation omitted). However, the court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* at 581–82 (quotation omitted). "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim

3

plausible, *i.e.*, more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A "legal conclusion couched as a factual allegation" need not be accepted as true, nor are recitations of the elements of a cause of action sufficient. *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

*Pro se* complaints are to be liberally construed and "however inartfully pleaded, must be held to less stringent standards than formal pleadings." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, *pro se* complaints still "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678; *see also Hill v. Lappin*, 630 F.3d 468, 472 (6th Cir. 2010).

### III.

Liberally construing Plaintiff's allegations in his complaint, the Court finds that claim preclusion bars this lawsuit because: (1) his state court lawsuit was dismissed with prejudice; (2) he sues both the same parties and parties in privity; (3) he did, or could have, alleged all his claims in state court; and (4) his claims all arise from the same accident. *See, e.g.*, *Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 766–68 (6th Cir. 2015).

This Court gives "the same preclusive effect to a state-court judgment as that judgment would receive in the rendering state, meaning that 'if an individual is precluded from litigating a suit in state court by the traditional principles of *res judicata*, he is similarly precluded from litigating the suit in federal court.'" *Moore v. Hiram Twp.*, 988 F.3d 353, 357 (6th Cir. 2021) (quoting *Ohio ex rel. Boggs v. City of Cleveland*, 655 F.3d 516, 519 (6th Cir. 2011)). Courts "look 'to the state's law to assess the preclusive effect it would attach to that judgment.'" *Boggs*, 655

4

F.3d at 519 (quoting *ABS Indus., Inc. ex rel. ABC Litig. Tr. v. Fifth Third Bank*, 333 F. App'x 994, 998 (6th Cir. 2009)).

Ohio's "doctrine of *res judicata* encompasses two related concepts: claim preclusion and issue preclusion." *Moore*, 988 F.3d at 357 (citing *O'Nesti v. DeBartolo Realty Corp.*, 862 N.E.2d 803, 806 (Ohio 2007)). "Claim preclusion prevents parties from litigating matters that 'should have been advanced in an earlier suit.'" *Wheeler*, 807 F.3d at 766 (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 (1984)). Ohio's claim preclusion rule boils down to four elements:

> (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action.

*Moore*, 988 F.3d at 357 (quoting *Boggs*, 655 F.3d at 520). Plaintiff's second lawsuit here satisfies each requirement.

### A. Decision on the Merits

Begin with Plaintiff's voluntary dismissal with prejudice in state court. "Under Ohio law, a dismissal with prejudice by court order is a dismissal on the merits."[2] *Manohar v. Massillon Cmty. Hosp.*, 702 N.E.2d 937, 940 (Ohio Ct. App. 1997) (citing *Griggy v. Eichler*, No. 1553, 1986

---

[2] Although Plaintiff argues that, technically, no court order dismissed his claims with prejudice, a joint stipulation—to voluntary dismiss with prejudice—has the same preclusive effect. *See Tower City Props. v. Cuyahoga Cnty. Bd. of Revision*, 551 N.E.2d 122, 124 (Ohio 1990) (noting a dismissal pursuant to Ohio R. Civ 41 that is "with prejudice" would be "vulnerable to the defense of *res judicata*"); *see also Dempsey v. Dempsey*, 488 F. App'x 1, 3–7 (6th Cir. 2012); *id.* at 8–9 (Moore, J. concurring in the judgment) ("If the state has a rule comparable to Federal Rule of Civil Procedure 41(a)(1), the dismissal in state court would be an adjudication on the merits in the state court by virtue of the state rule and would bar, as would any adjudication on the merits, a new suit in a federal court" (cleaned up) (quoting 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2368 (3d ed. 2010))). Considering Plaintiff did not appeal the state court order denying his motion for relief from this judgment, this too serves as a decision on the merits. *See, e.g.*, *Worthington v. Adm'r*, 169 N.E.3d 735, 747 (Ohio Ct. App. 2021).

WL 10020 (Ohio Ct. App. Sept. 15, 1997)); *see also, e.g.*, *Tower City Props. v. Cuyahoga Cnty. Bd. of Revision*, 551 N.E.2d 122, 124 (Ohio 1990).  Plainly, the dismissal with prejudice in state court under Ohio Civ. R. 41(A)(1)(b) is a dismissal on the merits.  Doc. No. 27-2 at PageID 597; *see Dempsey v. Dempsey*, 488 F. App'x 1, 3 (6th Cir. 2012) (noting that "Ohio Rule of Civil Procedure 41(A)(1)(b) states in part that 'notice of dismissal operates as an adjudication upon the merits of any claim that the plaintiff has once dismissed in any court'" (quoting Ohio Civ. R. 41(A)(1)(b))).  This satisfies element number one.

### B. Same Parties and Privity

This lawsuit meets the next prong because Plaintiff sues the same parties or their privies.  Claim preclusion prevents successive suits against parties or parties in privity with one another, meaning "there is a 'mutuality of interest, including an identity of desired result' between the two parties." *Moore*, 988 F.3d at 358–59 (quoting *Brown v. Dayton*, 730 N.E.2d 958, 962 (Ohio 2000)) (citing *State ex rel. Schacter v. Ohio Pub. Emps. Ret. Bd.*, 905 N.E.2d 1210, 1217 (Ohio 2009)).  It "exists only if 'the person taking advantage of the judgment would have been bound by it had the result been the opposite.'"  *Id.* at 359 (quoting *O'Nesti*, 862 N.E.2d at 806).  "[T]he parties must share a 'close enough' relationship that it would serve preclusion law's purposes to apply the doctrine even though the parties are technically distinct." *Bus. Dev. Corp. of S.C. v. Rutter & Russin, LLC*, 37 F.4th 1123, 1136 (6th Cir. 2022) (quoting *Brown*, 730 N.E.2d at 962) (citing *Thompson v. Wing*, 637 N.E.2d 917, 923 (Ohio 1994)).

In both cases, Plaintiff sued McCluskey for his role in constructing the roads—an obvious bar.  Now, he sues Marchbanks who, like Mayor McDonald, is responsible for maintaining Trotwood's streets.  *Compare* Doc. No. 2 at PageID 75, *with* Doc. No. 27-1 at PageID 536.  Both share the same interest in defending Ohio's and Trotwood's construction of the crosswalk, and

6

both would have shared the same benefit from dismissal in state court. *See, e.g.*, *Bus. Dev. Corp.*, 37 F.4th at 1136–37 (collecting cases establishing "that the government is in privity with its agents"); *cf. Newman v. Univ. of Dayton*, 172 N.E.3d 1122, 1133 (Ohio Ct. App. 2021) (*pro se* attorney was barred from suing in-house counsel of a university in state court after his federal lawsuit against the university was dismissed). Mayor McDonald and Marchbanks's mutual interest to defend Ohio's road construction establishes the "somewhat amorphous" privity relationship. *Bus. Dev. Corp.*, 37 F.4th at 1136 (quotation omitted); *see also State ex rel. Johnson v. Bureau of Sentence Computation*, 152 N.E.3d 251, 255 (Ohio 2020) (prisoner could not sue different government agents for the same conduct to evade *res judicata* with the state of Ohio). While "technically distinct" officials, *Bus. Dev. Corp.*, 37 F.4th at 1136 (citations omitted), linking both Mayor McDonald and McCluskey also promotes finality, *cf. Strack v. Pelton*, 637 N.E.2d 914, 916 (Ohio 1994). This meets the second prong.

### C. Opportunity to Bring Claims in First Lawsuit

Plaintiff had an opportunity to bring the claims here in his first lawsuit. "The doctrine of *res judicata* requires a plaintiff to present every ground for relief in the first action[] or be barred from asserting it." *Nat'l Amusements, Inc. v. Springdale*, 558 N.E.2d 1178, 1180 (Ohio 1990) (collecting cases). "Thus, the third element of claim preclusion not only prohibits parties from bringing claims they already have brought, but also from bringing those claims they *should* have brought." *Heike v. Cent. Mich. Univ. Bd. of Trs.*, 573 F. App'x 476, 482 (6th Cir. 2014) (emphasis in original) (citing *Sanders Confectionary Prods., Inc. v. Heller Fin., Inc.*, 973 F.3d 474, 482 (6th Cir. 1992)).

Plaintiff's claims in this suit not only mirror those in his state suit, but are identical in some respects. *Compare* Doc. No. 2 at PageID 75, *with* Doc. No. 27-1 at PageID 537. His new Equal

Protection Clause claim, on second look, should have been brought initially in state court. *See, e.g.*, *Nat'l Amusements*, 558 N.E.2d at 1181 (claim preclusion barred movie theater's subsequent free speech suit after losing on its equal protection suit). Nothing prevented him from arguing there, along with his other constitutional claims, that Ohio denied him equal protection of the laws when constructing Trotwood's traffic signals. *See, e.g.*, *Bus. Dev. Corp.*, 37 F.4th at 1135 (corporation "indisputably could have brought its breach-of-contract and bad-faith claims against" insurance company because these claims "existed from the start" of litigation (emphasis removed)). Thus, this lawsuit reaches the third element.

### D. Same Transaction or Occurrence

The final element of claim preclusion—applicable here—requires that the new "suit grow[] out of the same 'transaction' as the [previous] suit." *Id.* at 1132 (quoting *Grava v. Parkman Twp.*, 653 N.E.2d 226, 229 (Ohio 1995)). "The Ohio Supreme Court takes a fact-based approach to what counts as a 'transaction,' defining the word to mean a 'common nucleus of operative facts.'" *Id.* at 1133 (quoting *Grava*, 653 N.E.2d at 229). Two cases are within the same transaction if they are "logically related," meaning adjudication "on each of their respective claims would involve a substantial duplication of effort and time by the parties and the courts." *Rettig Enters., Inc. v. Koehler*, 626 N.E.2d 99, 103 (Ohio 1994).

Plaintiff's claims in both lawsuits grow from the same facts—his accident in a Trotwood intersection. *Compare* Doc. No. 2 at PageID 78, *with* Doc. No. 27-1 at PageID 537–38. Relitigating his injuries from this accident here would be needlessly duplicative. *See, e.g.*, *Rettig*, 626 N.E.2d at 103 (claims arose out of the "same basic controversy between the parties" about liabilities from their business agreement). They are, thus, logically related, complying with the final element of claim preclusion.

## IV.

"A federal court must give the same 'full faith and credit' to a state court's judgment that this judgment would receive in the state's own courts." *Bus. Dev. Corp.*, 37 F.4th at 1129 (citing 28 U.S.C. § 1738). This Court has done that here. Because *res judicata* bars Plaintiff's claims, the Court **DISMISSES** Plaintiff's amended complaint with prejudice. Doc. No. 4. The Court also **DENIES AS MOOT** all pending motions. Doc. Nos. 12, 25. For the reasons set forth above, the Court hereby **CERTIFIES**, under 28 U.S.C. § 1915(a)(3), that an appeal in this case by Plaintiff would be objectively frivolous and not taken in good faith. Consequently, Plaintiff should be denied leave to proceed *in forma pauperis* on appeal. This case is **TERMINATED** on the docket.

**IT IS SO ORDERED.**

Date:  August 17, 2022                              s/Michael J. Newman
                                                    Hon. Michael J. Newman
                                                    United States District Judge